## RECOVERY OF INSURANCE MONEY BY JUDGMENT CREDITOR OF THE INSURED.

Common Pleas Court of Mahoning County.

ABRAHAM NADLER v. NEW AMSTERDAM CASUALTY COMPANY AND CHARLES NADLER.

Decided, October 30, 1925.

*Liability Insurance—Wife Suffers Injuries—Husband's Judgment for Loss of Consortium—May be Recovered out of the Insurance Money—Sections 9510-3 and 9510-4 must be Read Together.*

The provisions of Sections 9510-3 and 9510-4, having reference to policies of insurance covering bodily injury or death and making the insurance money applicable in satisfaction of any judgment on account of injury or death for which the insurer may be liable, are not limited to actions brought by the person injured in the sense that he himself received the injury and suffered the damage or loss, but include the case of a husband who has recovered a judgment on account of loss of consortium due to injury to his wife.

JENKINS, J.

Plaintiff brought this action under G. C. 5010-4 against the insurance company, to enforce the lien of a judgment recovered by him against Charles Nadler for loss to plaintiff of the society etc. of his wife, resulting from bodily injuries to her due to the negligence of Charles Nadler.

The demurrer raises the question as to whether an action is maintainable by the plaintiff under said section. It is contended that the benefit of the section inures solely to an action brought by the injured person in the exact sense of the person himself receiving bodily injury, and directly suffering loss or damage thereby.

The case of *Williams* v. *Nelson*, 117 N. E. 189, is cited wherein the Supreme Court of Massachusetts held that a husband, who recovered damages for the injury of his wife, can not under the statute which is identical in its terms with that of Ohio, compel an application of the insurance money to the satisfaction of his judgment—the reason given being that the statute is expressly limited to a judgment for ''bodily

injury'' which does not include the husband's financial loss or loss of consortium.

A careful consideration of the decision and of the statute leads us to the conclusion that the learned court may not have sufficiently analyzed the statute. It is a rule of construction that a statute must be construed with reference to the whole system of which it forms a part. G. C. 9510-3 and 9510-4, therefore, are to be taken together. G. C. 9510-4, the section relied on here reads, "Upon recovery of a final judgment * * * by any person * * * for loss or damage on account of bodily injury, or death * * * the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance * * * applied * * * and may proceed in a legal action against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.''

General Code 9510-3 speaks of the contract of insurance referred to in 9510-4, in these words: "In respect to every contract of insurance made between an insurance company and any person, firm or corporation, by which said person, firm or corporation is insured against loss or damage on account of bodily injury or death by accident *of any person* for which loss or damage such person, firm or corporation is responsible. * *''

Reading the two sections then together, the contract of insurance insures against loss or damage on account of the bodily injury or death by accident *of any person*. "Loss" and "damage" are synonymous.

"Damages" is a sum adjudicated to a person as compensation for loss in consequence of an injury, either in his person, property or relative rights, through the act or default of another.

"On account of" means "because of," or "by reason of."

There is no doubt that when a husband recovers a judgment for loss of consortium due to bodily injuries received by his wife, it is "loss or damage on account of bodily injury by accident," as covered in the contract of insurance. Such hus-

band comes under the designation of *any person* so recovering such judgment for such loss.

Re-reading section 9510-4 in the light of the definitions and of the rules of construction we have: Upon the recovery of a final judgment by *any person,*—a husband for instance,— as compensation for a loss, either in his person, property or relative rights, sustained by reason of or because of the bodily injury or death of *any person*, such judgment creditor may proceed in a legal action, etc.

Thus reading the plain and unequivocal language of the statute with its settled legal intendment, the demurrer is over-ruled, with exceptions to the defendant.